UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
_____

No. 22-1055

ANTHONY M. SHEA,
Petitioner -- Appellant,

v.

UNITED STATES,
Respondent – Appellee.
_____

No. 23-1544

UNITED STATES,
Appellee,

v.

ANTHONY M. SHEA,
Defendant-Appellant.
_____

ON APPEAL FROM JUDGMENTS OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
_____

REPLY BRIEF OF PETITIONER-APPELLANT, DEFENDANT-APPELLANT
ANTHONY SHEA
_____

Judith H. Mizner
Assistant Federal Public Defender
Federal Defender Office
District of Massachusetts
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061
Identification No.: 11056

# TABLE OF CONTENTS

    Page

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

**I.** The district court erred in applying a fact/conduct-based harmless error review to convictions under 18 U.S.C. § 924(c) where the jury returned a general verdict of guilty after erroneous jury instructions that permitted the jury to find the essential element of a crime of violence under either a valid or an invalid theory of guilt. An element-focused review is required where the categorical approach must be applied to determining whether an offense is a crime of violence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 4

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORIIES

Case                                                                                         Page

*Hedgpeth v. Pulido*,
    555 U.S. 57 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Johnson v. United States*,
    576 U.S. 591 (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mathis v. United States*,
    579 U.S. 500 (2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Moncrieffe v. Holder*,
    569 U.S. 184 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*O'Neal v. McAninch*
    513 U.S. 432 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Taylor v. United States*,
    495 U.S. 575 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*United States v. Davis*,
    588 U.S. 445 (2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Taylor*,
    596 U.S. 845 (2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*United States v. Velazquez-Fontanez*
    6 F.4th 205 (1st Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

| Statutory Provisions | Page |
|---|---|
| 8 U.S.C. | |
| § 1101(a)(43) | 3 |
| 18 U.S.C. | |
| § 924(c) | 1, 3, 4 |
| § 924(e) | 3 |
| § 1951(a) | 1 |

# REPLY BRIEF

# ARGUMENT

**I. The district court erred in applying a fact/conduct-based harmless error review to convictions under 18 U.S.C. § 924(c) where the jury returned a general verdict of guilty after erroneous jury instructions that permitted the jury to find the essential element of a crime of violence under either a valid or an invalid theory of guilt. An element-focused review is required where the categorical approach must be applied to determining whether an offense is a crime of violence**

Hobbs Act conspiracy (18 U.S.C. § 1951(a)) is not a crime of violence. *See* A.B.p.8-10.[1] The government agrees that the jury instructions in this case were erroneous; they allowed the jury to convict Mr. Shea of violating 18 U.S.C. § 924(c), which proscribes using or carrying a firearm during and in relation to a crime of violence, on the basis of finding he conspired to violate the Hobbs Act. G.B.9. The jury returned general verdicts that did not specify the predicate offenses for the § 924(c) counts. Nor were they instructed that they had to be unanimous as to the crime of violence constituting an element of the § 924(c) offenses. However, the government maintains that the error is harmless because the jury also convicted Mr. Shea of substantive Hobbs Act robbery offenses and an armed bank robbery offense, which are crimes of violence.[2]

---

[1] "A.B." refers to appellant's opening brief. "G.B." will refer to the brief of the United States.

[2] All substantive offenses at issue here charged all defendants with aiding and abetting each other.

The parties agree that the harmless-error rule applies and that the test is whether the court "is in grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict.'" *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). A.B. 8; G.B. 10-11 (quoting *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008). They differ on the manner and result of its application.

The government asserts that harmless error review encompasses a fact-specific review of the record and that conducting that review here supports the district court's conclusion that the error here, which permitted the jury to find Mr. Shea guilty of using and carrying a firearm during and in relation to a crime of violence based on an offense that was not a crime of violence (conspiracy), was harmless because the jury convicted Mr. Shea of the substantive robberies that were the objects of the conspiracies (crimes of violence) as well as the conspiracies to commit those robberies (not crimes of violence) – a pattern the district court and some others have described as inextricably intertwined offenses. *See* A.B. Add. 4 and G.B pp. 13-16. The government argues that because, based on a fact-specific review of the record, the offenses were inextricably intertwined the error did not have a substantial and injurious effect on the jury's verdicts. G.B.11-12.

Whether an offense during and in relation to which a firearm has been used or carried is a crime of violence is an essential element of the offense proscribed by

18 U.S.C. § 924(c). The Supreme Court and this Court have held that in § 924(c) cases the categorical approach – an approach that examines only the elements of the offense and requires ignoring the particular facts of a case (*Mathis v. United States*, 579 U.S. 500, 504 (2016); *United States v. Taylor*, 596 U.S. 845 (2022)) - must be applied to determining whether an offense is a crime of violence. *See e.g. United States v. Davis*, 588 U.S. 445 (2019); *United States v. Velazquez-Fontanez*, 6 F.4th 205, 218-219 (1st Cir. 2021).[3] In *Davis*, the Court specifically rejected application of a fact/conduct–specific approach.

    Mr. Shea maintains that where, as here, the categorical approach applies to determining the commission of the offense, harmless error review should be limited to review of the elements of the offenses. If, focused on the elements, the court has a grave doubt as to whether the error had a substantial, injurious effect on determining the jury's verdict, the error is not harmless. Here, focused on the elements, a court should have that grave doubt; there is no way of determining whether the jury relied on the legally valid substantive robbery offenses or the legally invalid conspiracy offenses as the crimes of violence.

---

[3] The categorical approach is also required in cases under the Armed Career Criminal Act (18 U.S.C. § 924(e)) (*see e.g. Taylor v. United States*, 495 U.S. 575 (1990); *Johnson v. United States*, 576 U.S. 591 (2015)) and some provisions of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)) (*see e.g. Moncrieffe v. Holder*, 569 U.S. 184 (2013)).

Counsel has not found a Supreme Court case determining which view of the scope of harmless error review applies in reviewing a conviction under § 924(c) where a jury has returned a general verdict after instructions which permitted conviction under either a valid or an invalid theory of the offense. Mr. Shea submits this Court should adopt the categorical approach view. While this Court does not lightly create a circuit split, it should not decline to do so where warranted.

**CONCLUSION**

For the foregoing reasons and those set out in appellant's opening brief, the judgments below should be vacated and the cases remanded to the district court with instructions to vacate the convictions on the counts charging violations of 18 U.S.C. § 924(c) and the sentences imposed pursuant to those convictions.

Dated: August 11, 2025

Respectfully submitted,
by his attorney,
*/s/ Judith H. Mizner*
Judith H. Mizner, AFPD
Federal Defender Office
District of Massachusetts
51 Sleeper Street 5th Floor
Boston, MA 02210
(617) 223-8061
Identification No. 11056

## Certificate Of Compliance With FRAP Rule 32(a)

I, Judith Mizner, hereby certify that the foregoing reply brief complies with the type-volume limitation of FRAP 32(a)(7).

1. The brief contains 907 words excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(ii).

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO in 14-point Times New Roman.

*/s/Judith H. Mizner*

## Certificate Of Service

I, Judith H. Mizner, hereby certify that the reply brief in these cases was filed electronically through the ECF system this date and copies will be sent electronically to the registered participants, including all counsel of record, specifically Alexander S. Chen, as indicated on the Notice of Electronic Filing on August 11, 2025.
Dated: August 11, 2025

*/s/Judith H. Mizner*
Federal Public Defender Office
District of Massachusetts
51 Sleeper Street, 5th Floor
Boston, MA 02210
(617) 223-8061
Identification No.:  11056